OPINION
This cause arises out of three separate Notices of Appeal which this court, on motion of appellant, has consolidated, finding that each is a repetition of the same appeal although Case No. 01CA0002 is pro se.
Historically, the appellant was charged with domestic violence, resisting arrest and assault. As stated in appellant's brief, negotiated pleas of guilty to the first two listed charges resulted in a dismissal of the assault charge. Appellant was represented at the plea. The trial court advised him of the potential consequences of a guilty plea, inquired as to the pleas being knowing waivers of his rights, and provided the appellant an opportunity to speak. After the pleas, appellant was placed on probation.
The pleas were entered on May 24, 2000.
On June 21, 2000 appellant filed an appeal.
On August 11, 2000, appellant filed a motion to withdraw his pleas of guilty without setting forth any basis underlying such request.
On August 16, 2000, this Court, by Entry, notified appellant that, unless compliance with Court Rules was accomplished by August 25, 2000, the appeal would be dismissed for want of prosecution.
Appellant voluntarily dismissed his appeal on August 25, 2000.
Due to the absence of jurisdiction and the dismissal, the court did not act on the request to withdraw of August 11, 2000, and an identical request was filed on December 13, 2000.
The court denied such request on January 12, 2001, without a hearing.
The sole Assignment of Error is:
 I THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S REQUEST TO WITHDRAW HIS PREVIOUSLY ENTERED PLEAS OF GUILTY.
Appellate review of a trial court's denial of a motion to withdraw plea is limited to a determination of abuse of discretion; i.e. a determination of whether the trial court's decision is unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Withdrawal of pleas of guilty or no contest are controlled by Criminal Rule 32.1, which provides:
 CRIM R 32.1. WITHDRAWAL OF GUILTY PLEA A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the Appellant to withdraw his or her plea.
Appellant cites State v. Archer, Muskingham (1997) CT97-0007 (unreported) (Archer 1) and [(Archer 2), State v. Archer (1999) Muskingham 1999WL254459] as holding that a full hearing was necessary to determine if a request to withdraw a plea should be granted.
While such cases dealt with post conviction relief petitions under R.C. § 2953.21, the basis for same was whether the Appellant intelligently and voluntarily, as supported by affidavit, entered a plea.
In the case sub judice no reasons nor affidavit were supplied indicating that consideration of the prevention of manifest injustice was required as to the request to withdraw his former pleas.
As this court stated in State v. Archer (1999), 1999 WL 254459 in citing State v. Smith (1977), 49 Ohio St.2d 261:
 "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice.", paragraph one of the syllabus.
The Court further explained, in Smith, that;
 "[a] motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court.
Here, appellant, without a right under CR 32.1 since the motion was made after sentencing, requested the court to grant a motion to withdraw his pleas without reasons therefore, upon which the court could consider whether an evidentiary hearing was necessary.
Without some indication of a basis for the motion, the court did not abuse its discretion in ruling upon the motion without a hearing. We therefore disagree with the Assignment of Error.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court, Fairfield, Ohio is affirmed. Costs to appellant.
Hon. W. Scott Gwin, P.J. Hon. William B. Hoffman, J. Hon. John F. Boggins, J. concur.